FILED IN OPEN COURT
8-03-09
James N. Hatten, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN O'TOOLE, individually and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) ) | 1:08-cv-01645-RLV |
| PITNEY BOWES, INC., ) ) | **CLASS ACTION** |
| Defendant. ) | |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of a class action settlement and for dismissal of this action pursuant to the terms and conditions set forth in the Settlement Agreement dated April 24, 2009 (the "Settlement Agreement"), with due notice having been given. On August 3, 2009, the Court held a Final Fairness Hearing to which Class Members, including any with objections, were invited. The court being fully advised in the premises, HEREBY FINDS THAT:

1

1.      Plaintiff Martin K. O'Toole, on behalf of himself and the Settlement Class defined below (collectively "Plaintiffs"), and the Defendant, Pitney Bowes, Inc. ("Defendant"), have entered into the class action Settlement Agreement dated April 24, 2009.

2.      On April 24, 2009, the Settlement Agreement was preliminarily approved and a Settlement Class was conditionally certified.  Specifically, the Court conditionally certified for the purpose of settlement and in accordance with the Settlement Agreement a Rule 23(b)(3) Settlement Class consisting of the following:

> All Pitney Bowes customers, natural or otherwise, defined as individuals or entities assigned a customer number, throughout the State of Georgia to whom Pitney Bowes sent or caused to be sent in 2007, one or more facsimile transmissions with content substantially similar to that contained in any of the attached Exhibits A through H of Mr. O'Toole's Amended Complaint.
>
> Excluded from the class is any Pitney Bowes agent, employee, or shareholder.  Also excluded from the class are all judges of the magistrate, state, or superior courts of the State of Georgia as well as all the judges of the Court of Appeals and justices of the Supreme Court of the State of Georgia.
>
> Also excluded from the class is anyone who has filed separate litigation against Pitney Bowes for the same conduct alleged in this litigation, unless said individual consents to the consolidation of his care with the instant case.

Also excluded from the class is anyone who has released Pitney Bowes from the same conduct alleged in this litigation.

3. The Court appointed Pitney Bowes as the Settlement Administrator, and approved a form Notice for mailing to the Settlement Class. The Court is informed that, pursuant to the Settlement Agreement, actual notice was sent by first-class mail to 3110 Settlement Class members. A total of 32 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available.

4. Only five (5) Settlement Class members requested exclusion and no objections were filed or received. *A minimum of 3073 Settlement Class members are therefore entitled to a share in the monetary benefits of the settlement.*

5. The Complaint in this action alleges, among other things, that Defendant sent facsimile advertisements from May 1, 2007 through December 31, 2007, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA").

6. Defendant denies any violation of the TCPA. Notwithstanding its denial of liability, and without admitting any liability, and solely for the purpose of compromise, Defendant has agreed to settle this matter.

7. For settlement purposes only, the Court finds: (a) the above-described Settlement Class is so numerous that joinder of all members is impracticable, (b)

3

there are questions of law or fact common to the above-described Settlement Class, (c) the claims of the Class Representative are typical of the claims of the above-described Settlement Class, and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class. For the purposes of this Order, the term "Class Representative" means Martin K. O'Toole, the named Plaintiff in this action.

8. For settlement purposes only, the Court finds that: (a) common questions predominate and treatment of this matter as a Class Action is superior to other methods of treatment, (b) the Class is manageable, (c) the interests of the members in individually controlling the litigation is small, (d) the extent and nature of other litigation does not indicate other treatment, and (e) it is desirable to concentrate this litigation in this forum.

9. For settlement purposes only, the Court finds that Class Counsel is competent and capable of representing the interests of the Settlement Class. For the purposes of this Order, the term "Class Counsel" means counsel of record for the Class Representative: Samuel M. Hill of Hill Turner, LLC, and Henry A. Turner of Turner Law Offices, LLC.

10. The Court finds that the provisions for notice in the Settlement Agreement and the notice provided by the Settlement Administrator to the Settlement Class are and were fair, reasonable and adequate, and satisfy the requirements of Rule 23 and due process. Specifically, the publication of Class Notice as directed in the Court's Preliminary Order and/or in the Settlement Agreement, constitute the best notice practicable under the circumstances and sufficient notice to all potential members of the Settlement Class. All Settlement Class members, whether they received notice or not, shall be bound by this Order and Judgment.

11. The Court also finds that the procedures and time limitations for objecting to the Settlement Agreement or opting out of the settlement are fair, reasonable and adequate, and satisfy the requirements of Rule 23 and due process.

12. No member of the Settlement Class has objected to the settlement as provided in the Settlement Agreement and Notice. Therefore, no appeal from this Order is properly taken by an unnamed class member or any other person or party.

13. The Court finds that the Settlement Agreement and settlement contained therein are fair, reasonable and adequate, and hereby are approved, including the release and the payment terms provided therein.

(a) Pursuant to the Settlement Agreement Pitney Bowes agrees to injunctive relief regarding the facsimile program: The Pitney Bowes compatible ink and toner line of business agree to refrain from using facsimile advertising that contains the opt-out language set forth in the Donut Fax advertisements sent to members of the Settlement class.

(b) The Settlement Administrator shall administer the Settlement Fund according to the terms and conditions of the Settlement Agreement. In particular, the Settlement Administrator shall:

(i) Administer monetary relief as follows: Each member of the Settlement Class is entitled to a product certificate ("Product Certificate") for use in purchasing compatible ink or toner from the Pitney Bowes Supply Line for each week during the Class Period that the unique customer received a fax under the Donut Fax Program (i.e., each member of the Settlement Class will receive one Product Certificate for each week that it received a Donut Fax from Pitney Bowes). Each Product Certificate will entitle each unique customer to $26.00 off of a $100.00 purchase of compatible ink or toner from Pitney Bowes. More than one Donut Fax sent by Pitney Bowes to recipients at the same unique customer number on the same day will be considered to be one Donut Fax. The Product Certificates

may be applied to the costs of goods purchased, shipping, handling or other related charges. The Settlement Payment constitutes the entire amount that Pitney Bowes shall be required to pay to the members of the Settlement Class arising out of this lawsuit. In no event shall the face value of this portion of the settlement exceed $2,000,000.00.

        (ii)  Product Certificates will be issued pursuant to the Settlement Agreement to all members of the Settlement Class at their last known address as contained in the Pitney Bowes Sales Logix database. Pitney Bowes agrees to mail Product Certificates to members of the Settlement Class at their last known address without requiring such members to submit a claim.

        (iii)  Each Product Certificate may be used only once. Pitney Bowes may, in its discretion, develop procedures governing the exercise of the Product Certificates including, but not limited to (a) including on the Product Certificates information that Pitney Bowes requires in order to track the dissemination, transfer and use of the Product Certificates; and (b) requiring members of the Settlement Class to redeem the Product Certificates by calling a specified toll-free phone number or ordering at a specified web page. At its option, Pitney Bowes may waive its right to require holders of the Product Certificates to

return the certificates to Pitney Bowes upon use of the certificates. Additionally, members of the Settlement Class cannot redeem the Product Certificates for cash.

(iv)   Along with the Product Certificates, Pitney Bowes will include a web address from which members of the Settlement Class can obtain product information and to place orders as well as a toll-free number from which members may order products. Pitney Bowes may include marketing materials along with Product Certificates. Pitney Bowes shall begin to mail the Product Certificates to eligible members of the Settlement Class no later than 45 days after the Court's final judgment.

(v)   The Product Certificates will be fully transferable within the United States. Transfer of a Product Certificate shall have no effect on the transferor's release of claims.

(vi)   A Product Certificate may be redeemed for any compatible ink or toner offered for sale by Pitney Bowes, 1625 Williams Drive, Marietta, Georgia 30066. The Product Certificates may not be used for any purpose other than for ordering compatible ink and toner from Pitney Bowes. The first ten Product Certificates issued to a member of the Settlement Class must be redeemed within the first twelve-month period following the mailing of the

certificates. Additional Product Certificates issued to a member of the Settlement Class will only be redeemable during the following twelve-month period. Members of the Settlement Class may "stack" product certificates by redeeming more than one certificate at one time (e.g., members of the Settlement Class may combine two product certificates for $52.00 off of a $200.00 purchase of ink and/or toner). Product Certificates may not be bundled; thus, a member of the Settlement Class may not put two or more certificates together to combine the dollar-off amount on a $100.00 purchased.

(vii) Pitney Bowes shall use its best efforts to begin to mail the Product Certificates to eligible members of the Settlement Class no later than 45 days after this Court's final judgment. The expiration date on a Product Certificate shall not be earlier than 12 months after the date that Pitney Bowes places the Product Certificate in the mail. Different Product Certificates may contain different expiration dates as Pitney Bowes may place Product Certificates in the mail at different times. Pitney Bowes will not be obligated to reissue any lost Product Certificates. Failure of a member of the Settlement Class to redeem a Product Certificate that Pitney Bowes has mailed, will not require Pitney Bowes to re-issue a Product Certificate, to issue an additional Product Certificate or cash

9

equivalent thereof to any other person or entity, to pay out any monies to any person or entity, or to otherwise expend any other resources as a result of such failure.

(c) Subject to the terms of the Settlement Agreement, payment of Plaintiffs' attorneys' fees and costs in the amount of $950,000.00, are hereby approved by the Court. Class Counsel have submitted a brief in support of fees. The Court has considered the criteria set forth in *Camden I Condominium Assoc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) and in *Fredrick v. Fidelity Nat'l Bank*, 545 S.E.2d 107 (Ga. App. 2001). Those factors include:

    (i) The time and labor required to perform the tasks of representing the tasks;

    (ii) The difficulty of the legal questions involved given the uniqueness of the Telephone Consumer Protection Act;

    (iii) The skill required to navigate the TCPA provisions;

    (iv) Customary fees in this field of law;

(v) The fact that this is a contingency fee type of matter;

(vi) The results obtained in this case were excellent. Indeed, those results were likely obtained because of the expertise of Class Counsel and the ability of Class Counsel in the TCPA area of the law. The Court also notes that there were no objections by Class Members or other parties to the settlement terms nor were there any objections to the fees requested by Class Counsel. For these reasons, the attorneys' fees and costs awarded by the Court shall be paid to Class Counsel by Bank Wire Transfer. One-half of the award shall be made payable to Hill | Turner, LLC and one-half of the award shall be made payable to Henry A. Turner, Attorney at Law. Such payments to Class Counsel shall be made seven (7) business days after the Effective Date as defined by the Settlement Agreement.

14. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Settlement Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

DATED this 3rd day of August, 2009.

Harold L. Murphy for
Robert L. Vining, Jr.